## Virginia Gouldin Roseberry

### v.

## Thomas M. Moncure, Jr., Executor of the Estate of Kate G. Woods, Deceased

Record No. 920438

April 16, 1993

Present: All the Justices

*Richard Earle Smith* for appellant.
*Thomas L. Bricken* for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether a provision in a will authorizes an executor to convey real property that has been disclaimed by a named beneficiary.

The relevant facts are not in dispute. Kate G. Woods, a resident of Stafford County, died testate on May 23, 1991. Her will was duly probated, and Thomas M. Moncure, Jr., qualified as executor of her estate.

Woods made certain gifts in her will and, in paragraph Fifth, she devised all of her real property, consisting of approximately 500 acres in Stafford County, to the Humane Society of the United States (HSUS) for the purpose of establishing a wildlife refuge. Paragraph Fifth of the will states, in relevant part:

> In the event that HSUS violates the above terms and conditions, or in the event that the HSUS attemps [sic] to transfer, alienate or otherwise convey any title or interest in any of the property, then I authorize my Executors, or if they be not living, a court of competent jurisdiction, to convey all of the said real property under the terms and conditions as hereinabove set forth unto any corporation, organization or institution capable and willing to maintain said property as a wildlife refuge. It is my expressed intention that all of my real property be treated as one parcel, except as otherwise specifically stated herein, regardless of source of title.

HSUS recorded a "disclaimer of succession to property" in the clerk's office. This "disclaimer" states, in relevant part, that HSUS

"does hereby irrevocably, unqualifiedly and forever disclaim a portion of the provision made for it in said Will, namely and solely the real property devised and bequeathed by paragraph FIFTH of said Will."

Virginia Gouldin Roseberry, an heir at law of Woods, learned that Moncure, in his capacity as executor, intended to convey the real property to an organization that was not identified in the will. Her attorney wrote a letter to him and suggested that title to the real property might have to pass under the provisions of the laws of intestate succession.

Subsequently, Moncure filed a bill of complaint against Woods' heirs, devisees, and successors in title, seeking a construction and interpretation of the will. Roseberry filed responsive pleadings and a cross-bill, asserting that paragraph Fifth did not permit the executor to convey the real property and that the title to the property passes to Woods' heirs in accordance with the laws of intestate succession.

Following an *ore tenus* hearing, the chancellor held, among other things, that Moncure is

> authorized to convey all the real property described in [paragraph] FIFTH of this will, under the terms and conditions contained therein, to any corporation, organization, or institution capable and willing to maintain this property as a wildlife refuge according to the terms of the will, and he is further authorized to execute any documents necessary to carry out the provisions of this Decree.

We awarded Roseberry an appeal.

Roseberry argues that title to the real property does not pass until the devisee accepts the gift; that a testamentary gift renounced by the donee is regarded as a lapsed devise for purposes of determining the devolution of the property; and that the property passes as intestate property. Moncure argues, however, that it was Woods' intent that the real property be utilized as a permanent wildlife refuge and that the chancellor was permitted to construe the will to create a gift over by implication.

■ We have not previously discussed the effect of a disclaimer by a trust beneficiary. However, this subject has been discussed by legal commentators. Professor Scott has observed:

If a trust is created without notice to the beneficiary or the beneficiary has not accepted the beneficial interest under the trust, he can disclaim. Although the beneficial interest vests in him without his knowledge or consent, he cannot be compelled to retain it. The effect of his disclaimer is to put him in the same position as though the beneficial interest had never vested in him, his disclaimer operating retroactively.

1. William F. Fratcher and Austin W. Scott, The Law of Trusts § 36.1, pp. 389-92 (4th ed. 1987) (footnotes omitted); *see*, Restatement (Second) of Trusts § 36 (1959). Applying this rationale, we hold that the beneficial interest in the real property did not vest in HSUS because when it disclaimed the property, the disclaimer operated retroactively.

■ The testator authorized Moncure to convey the real property to any corporation, organization, or institution willing to maintain a wildlife refuge on the property "[i]n the event that HSUS violate[d] the . . . terms and conditions, or in the event that the HSUS attemps [sic] to transfer, alienate or otherwise convey any title or interest in any of the property." It is clear from the record that when HSUS disclaimed the real property, it neither violated the terms and conditions in the will nor attempted to transfer, alienate, or otherwise convey any title or interest in the real property. Thus, Moncure is not authorized to convey the real property.

■ Moncure, relying upon *Powell* v. *Holland*, 224 Va. 609, 299 S.E.2d 509 (1983), argues that this Court should construe the will to create a gift over by implication to an organization that will utilize the property to create and maintain a permanent wildlife refuge in accordance with Woods' intentions. The only rule of will construction applicable here is the one stated in *Powell*:

Courts are asked to construe wills precisely because their language appears to be subject to different interpretations. If the words used are free of all doubt, a court has no occasion to determine what the author meant. When the words are arguably ambiguous, adversary parties draw conflicting inferences, perhaps colored by self-interest. The relative merits of the inferences urged must be weighed and the conflict resolved by a disinterested arbiter. A judge must determine what is only arguably implied and what is necessarily implied.

*Id.* at 613-14, 299 S.E.2d at 511. The language the testator chose to use in paragraph Fifth is subject to only one interpretation and is free of all doubt. The testator simply did not give the executor authority to convey the real property to another entity in the event HSUS chose to disclaim it.

Accordingly, we will reverse the decree of the chancellor and remand this cause for the entry of a decree consistent with this opinion.

*Reversed and remanded.*