## CIRCUIT COURT OF STAFFORD COUNTY

Thomas M. Moncure, Jr.,
Executor

v.

Heirs of Kate G. Woods, etc.

August 17, 1993

Case No. CH753–91

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court on remand from the Supreme Court of Virginia.

### Facts

Kate G. Woods, a resident of Stafford County, died testate on May 23, 1991. Her will was probated, and Thomas M. Moncure, Jr., qualified as executor on her estate. In paragraph Fifth of the will, Ms. Woods devised her real estate to the Humane Society of the United States (HSUS), a charitable organization, for the purpose of establishing a wildlife refuge according to certain terms and conditions. That paragraph further provided that should HSUS violate the terms and conditions, or attempt to transfer the property, the executor would have the authority to convey the real estate to some other entity to create and maintain a wildlife refuge.

Paragraph Eighth of the will contains a residuary clause in favor of HSUS but addresses only "personal and mixed" property, not real property.

HSUS disclaimed the devise.

Mr. Moncure then instituted this suit seeking construction and interpretation of the will. Virginia Gouldin Roseberry, an heir, filed responsive pleadings and a cross-bill asserting that the disclaimer caused title to the real estate to pass by intestate succession to Ms. Woods's heirs.

Following an ore tenus hearing, this court treated HSUS's disclaimer comparable to an attempt to transfer the property, thereby triggering the provision in paragraph Fifth that authorizes the executor to convey the property to another entity as a wildlife refuge. A final decree to that effect was entered on January 9, 1992. The Supreme Court reversed. *See Roseberry v. Moncure*, 245 Va. 436, 429 S.E.2d 4 (1993). That Court held that the property never vested in HSUS because when it disclaimed the property, the disclaimer operated retroactively; that when HSUS disclaimed, it neither violated the terms in the will nor attempted to transfer the property; and, that Mr. Moncure was not authorized to convey the property. The Court refused to construe the will to create a gift over by implication to another entity that would create and maintain a wildlife refuge. The case was remanded "for entry of a decree consistent with this opinion."

After the record was returned to this court, counsel for Ms. Roseberry prepared a proposed final decree by the terms of which the heirs of Ms. Woods would acquire the real estate under the law of intestate succession. Counsel for the executor objected to the entry of that decree and asked to be heard. The court received memoranda and heard arguments on July 28, 1993.

### Status of the Case

Ms. Roseberry argues that the Supreme Court's reversal of this court's original decree leaves nothing further to decide. She points out that the remand is "for entry of a final decree consistent with its opinion." The only "rational conclusion" that can be reached, she says, is that the real property in question belongs to the heirs of Ms. Woods.

The executor takes the position that the Supreme Court determined only one issue — namely, that the disclaimer by HSUS did not empower the executor to convey the real property to someone else under the provisions of paragraph Fifth of the will. It follows, he says, that the case is on remand for this court to hear and decide issues not addressed in the Supreme Court opinion concerning the ultimate disposition of the property.

In its order remanding the case, the Supreme Court did not designate with particularity "upon what questions or points a new trial is to be had," Virginia Code § 8.01–681, but instead directed this court to enter a judgment consistent with the written opinion of that Court. Therefore, obviously, the circumstances of the case foreclose a *retrial*. Nev-

ertheless, the court will assume for purposes of this opinion that the executor is entitled to be heard with respect to issues not addressed in the Supreme Court's opinion that may be pertinent to a final disposition.

## HSUS as Trustee

First, the executor contends that paragraph Fifth of the will creates a charitable trust with HSUS as "trustee" for the benefit of the wildlife of the area and the public at large. It follows, he argues, that HSUS's disclaimer acts as a refusal on the part of the trustee to serve, thereby activating this court's equitable and statutory (Virginia Code § 55–29) powers to appoint a substitute trustee so that the trust does not fail for want of a trustee who refuses to serve. This seems to be the first time in this litigation that the executor has seriously advanced this proposition. (A brief reference to § 55–29 appears on page 3 of the executor's reply memorandum filed prior to the original hearing.) Nowhere in the pleadings is it asserted that HSUS is a mere trustee for the benefit of the public; and, although a disclaimer surely presupposes a beneficial interest in the property being disclaimed (see § 64.1–188 et seq.), no one has attacked the validity of the disclaimer filed by HSUS.

The Supreme Court considered HSUS a "trust beneficiary." To hold now that HSUS is merely a trustee, this court would have to determine that the Supreme Court mislabelled HSUS in its opinion of April 16, 1993. For obvious reasons, this court declines the invitation to make such a determination.

For these reasons, the argument now advanced by the executor that postulates HSUS a trustee of the property is without merit.

## Cy Pres and Equitable Approximation

Next, the executor asks the court "to save the charitable trust" by application of *cy pres* or the related doctrine of equitable approximation.

*Cy pres* means "as near as possible." *Black's Law Dictionary* (4th ed. 1951). It is a rule of construction used by courts of equity in certain types of cases by which the intention of a party is carried out as near as may be when it would be impossible to give it literal meaning. The doctrine has been applied most typically to gifts to charitable uses. It is said that where a general charitable intent is expressed on the part of the donor and either no particular object is mentioned or the original

object fails or does not exhaust the fund, a court of equity may apply the funds to those charitable objects as seems most nearly in accord with the donor's intent. *See* 3B M.J., *Charitable Trusts*, § 11. *Also see* discussion in *Campbell and Baecher v. Trustees*, 220 Va. 516 (1979).

Virginia enacted what is commonly referred to as the *cy pres* statute in 1946. The statute grants judicial powers traditionally associated with *cy pres*. In essence, it provides that the indefiniteness or uncertainty of beneficiaries named in the instrument, or the indefiniteness of the purpose of the trust itself, does not defeat a charitable trust otherwise valid. Virginia Code § 55–31.

Here, there is no indefiniteness or uncertainty regarding the beneficiary or the purpose of the trust. The named beneficiary is HSUS. The expressed purpose is to create and maintain a wildlife refuge. The beneficiary rejected, i.e., disclaimed, the gift. Under these circumstances, it would be inappropriate to look beyond the four corners of the will in search for the testator's intent. *Hermitage Methodist Homes v. Dominion Trust*, 239 Va. 46 at 58 (1990).

Therefore, neither the *cy pres* doctrine nor the related doctrine of equitable approximation is applicable to the facts of the case.

### Devolution of the Subject Property

As a result of HSUS's disclaimer, the property descends or is distributed "as if the disclaimant had predeceased the decedent." Virginia Code § 64.1–190. Hence, the devise failed, or lapsed, and became a part of the residue. Virginia Code § 64.1–65.1(A). Paragraph Eighth of the will is the residuary clause, but it is expressly limited to personal property and does not embrace the testator's real estate. Thus, the principle upon which particular devises fall into the residuum does not apply, and, as to this property, the testator is considered as having died intestate. Smith, *Harrison on Wills and Administration*, § 314 (2d ed. 1960).

The court is familiar with the strong presumption against partial intestacy, but here the result is inescapable. Because no provision was made in the will for the eventuality of a lapsed devise, the property descends by intestacy to the heirs of Ms. Woods.

### Conclusion

Mr. Smith previously sketched a proposed final decree. That decree should be tendered to the court, with endorsements, so that it can be

entered in accordance with the Supreme Court's directive and this opinion.